UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER HULON, as Personal Representative
of ANTHONY HULON, Deceased,

Case No. 1:20-cv-01023-PLM

    Plaintiff,

Hon. Paul L. Maloney

v

CITY OF LANSING, a municipal corporation,
DARYL GREEN in his official capacity,
BILLY WINDOM, in his official and individual capacity,
EDGAR GUERRA, TREVOR ALLMAN, CHARLES WRIGHT,
and GARY WORDEN, in their individual capacities,

    Defendants.
_____/

| BUCKFIRE LAW FIRM<br>Jennifer G. Damico (P51403)<br>Attorneys for Plaintiff<br>29000 Inkster Road, Ste. 150<br>Southfield, MI 48034<br>(248) 569-4646<br>jennifer@buckfirelaw.com | ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C.<br>Andrew J. Brege (P71474)<br>Attorney for Defendants City of Lansing, Green, and Windom<br>822 Centennial Way, Ste. 270<br>Lansing, MI 48917<br>(517) 886-3800<br>abrege@rsjalaw.com |
|---|---|

_____/

## STIPULATED PROTECTIVE ORDER

At a session of said Court, United States District
Court of the Western District of Michigan, held on
January 4, 2021

PRESENT:   HON. PAUL L. MALONEY

**NOW COME** the parties, collectively acting through their respective Counsel of Record, and hereby stipulate that certain documents requested by Plaintiff in this action and which may be possessed by the Defendants, specifically, but not limited to: discipline and training files of the individually-named Defendants; non-public City of Lansing Police

Department policies, procedures, and guidelines; and any video surveillance footage, body camera footage, and/or audio recordings relevant to any claims or defenses of this action; and other materials for which Defendant City of Lansing could withhold from public disclosure pursuant to exemptions set forth in Michigan's Freedom of Information Act, M.C.L. § 15.231, et seq, and related statutory privileges; shall be produced by the Defendants subject to the following conditions to which the parties hereby stipulate and agree:

      1.      Prior to the disclosure, the Social Security number, address, and telephone number of the individually-named employees, their medical conditions (if any), the names of their immediate family members, and the names and addresses of those who have been provided as personal references, may be properly redacted from the files produced.

      2.      The documents subject to this Protective Order shall be designated as "confidential" and be so marked by the disclosing party. Such documents shall be used solely and exclusively for purposes of the prosecution or defense of the instant cause of action, and to that end, can be used in any and all court filings, judicial proceedings, depositions, alternative dispute resolution proceedings, trial, and other judicially-related proceedings.  However, the parties agree that none of these materials will be attached to any court filings, or presented during judicial proceedings, and/or other judicially-related proceedings, other than alternate dispute resolution / early voluntary facilitative mediation, until such time as any external investigations and/or state criminal proceedings that may be initiated and/or are related to this matter are resolved, or early voluntary facilitative mediation is completed, whichever is sooner.

3. The documents subject to this Protective Order shall not be used in or for any other case, proceeding, dispute, or for any commercial, business, or competitive purpose whatsoever.

4. The documents subject to this Protective Order may be reviewed by Counsel for the parties, the named parties, Counsels' staff, those individuals associated with the activities listed in subparagraph (2), and such experts and/or consultants as Counsel deem necessary for purposes of this litigation and/or are identified on any witness list.

5. The documents subject to the Protective Order may be disclosed only to those individuals and entities identified and/or referred to in this Protective Order and must be used only by those individuals and entities for purposes of this litigation.

6. Documents, information and other items that are in the public domain and/or were obtained in response to Freedom of Information Act requests, pursuant to MCL Sec. 15.231, et seq., prior the filing of the Complaint, are excluded from protection under this Order.

**IT IS FURTHER STIPULATED AND AGREED** that nothing in this Protective Order shall prevent a party from filing a Motion for Modification of the Protective Order.

**IT IS FURTHER STIPULATED AND AGREED** that this Protective Order shall remain in full force and effect until the entry of final judgment (including any and all appellate proceedings) in this case, whether by settlement or litigation, unless otherwise ordered by the Court.

**IT IS FURTHER STIPULATED AND AGREED** that the documents produced under this Protective Order do not constitute an admission or agreement that any such

document is admissible as evidence in this case. Determination regarding admissibility of evidence will be made in a separate proceeding and in accordance with the Court's Scheduling Order.

**IT IS FURTHER STIPULATED AND AGREED** that the documents produced under this Protective Order shall be destroyed by Plaintiff's Counsel after final disposition (including any and all appeals) of the case.

**IT IS SO ORDERED.**

      /s/ Paul L. Maloney
      Honorable Paul L. Maloney

| | |
|---|---|
| /s/ Jennifer G. Damico<br>Jennifer G. Damico (P51403)<br>Attorney for Plaintiff<br><br>Dated: December 19, 2020 | /s/ Andrew J. Brege<br>Andrew J. Brege (P71474)<br>Attorney for Defendants City of Lansing, Green, and Windom<br><br>Dated: December 20, 2020 |