UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER HULON, as Personal Representative )
of the Estate of Anthony Hulon, )
                      Plaintiff, )
                                       )    No. 1:20-cv-1023
-v- )
                                       )    Honorable Paul L. Maloney
CITY OF LANSING, *et al.*, )
                     Defendants. )
                                       )

## ORDER GRANTING MOTION TO DISMISS AND GRANTING LEAVE TO FILE AMENDED COMPLAINT

Anthony Hulon died at the Lansing County Jail. Heather Hulon, as the representative of Anthony's estate, filed a civil rights and wrongful death action against the City of Lansing and a number of its employees. Plaintiff filed an amended complaint on March 3, 2021. (ECF No. 14.) Defendants filed a motion to dismiss, raising two issues. (ECF No. 20.) First, Defendants ask the Court to dismiss any official capacity claims against the individual defendants as redundant. Second, Defendants ask the Court to dismiss Count 5, a municipal liability claim based on a theory of ratification by inadequate investigation. In the response, Plaintiff requests that, if the Court were inclined to dismiss the claim, she be allowed to file a second amended complaint. The Court agrees with Defendants that the complaint fails to state a municipal liability claim on a ratification theory. The Court will allow Plaintiff to file the amended complaint.

I.

The parties are familiar with the standards for analyzing a motion to dismiss under Rule 12(b)(6). A defendant bringing a motion to dismiss for failure to state a claim under Rule 12(b)(6) tests whether a cognizable claim has been pled in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). To survive the motion, a plaintiff must allege facts sufficient to state a claim for relief that is "plausible on its face" and, when accepted as true, are sufficient to "raise a right to relief above the speculative level." *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017) (citation omitted). "The complaint must 'contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'" *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) (citation omitted). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

II.

A. Official Capacity Claims

The Court will dismiss the official capacity claims against the individual defendants. The official capacity claims against the individual defendants and the claims against City of Lansing are redundant claims. The Supreme Court explained that "[t]here is no longer a need to bring official-capacity claims against local government officials, for under *Monell*, local government units can be sued directly for damages and injunctive or declaratory relief."

*Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (internal citation signal omitted); *see, e.g., Jackson v. Shelby Cty. Gov't*, No. 07-6356, 2008 WL 4915434, at *2 (6th Cir. Nov. 10, 2008) (unpublished order) ("Second, the district court properly granted summary judgment on the defendants on the claims against the sheriff in his official capacity because those claims mirror the claims against the County, and are therefore redundant."). The Court notes that Plaintiff did not address this portion of the motion to dismiss in her response. Any objection Plaintiff might have to the dismissal of the official capacity claims has been waived. *See Alexander v. Carter*, 733 F. App'x 256, 261 (6th Cir. 2018) ("When a plaintiff fails to address a claim in response to a motion for summary judgment, the claim is deemed waived.") (internal quotation marks and edits omitted) (citing *Haddad v. Sec'y, U.S. Dept. of Homeland Sec.*, 610 F. App'x 567, 568-69 (6th Cir. 2015)).

### B. Municipal Liability - Ratification

Count 5 of the amended complaint alleges municipal liability under a theory of ratification. (ECF No. 14 PageID.107.) Plaintiff makes the following allegations under Count 5. The City had a duty to investigate and correct unconstitutional conduct. (*Id.* ¶ 185 PageID.108.) The City knew or should have known that the officers' conduct was unlawful when the Michigan State Police referred the matter to the Michigan Attorney General's Office to determine if criminal charges should be brought against the officers. (*Id.* ¶ 188 PageID.109.) And, the City knew or should have know that the officers' conduct violated the Constitution. (*Id.* ¶¶ 189-91 (PageID.109-10.) The City failed to investigate Hulon's death thereby ratifying the officers' unlawful conduct. (*Id.* ¶ 192 PageID.110.)

Municipalities, like the City of Lansing, can be sued as a "person" under 42 U.S.C. § 1983. *Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 494 (6th Cir. 2020). However, municipalities can only be held liable for their own customs and policies and cannot be held liable for the unconstitutional acts of their employees under a theory of *respondeat superior*. *Id.* A plaintiff can establish a policy or custom by showing that the municipality ratified the unconstitutional conduct of an employee. *Id.* at 495 (citations omitted). When a plaintiff relies on ratification by a failure to conduct an adequate investigation, the plaintiff must show "multiple earlier inadequate investigations and they must concern comparable claims." *Id.* (quoting *Stewart v. City of Memphis*, 788 F. App'x 341, 344 (6th Cir. 2019)). By showing a pattern of inadequate investigations concerning similar conduct, the plaintiff demonstrates the "'rigorous' causation standard," a necessary consideration to avoid holding municipalities liable for the acts of their employees. *Id.* (citing *Bd. of Cty. Comm'rs of Bryan Cty., Oklahoma v. Brown*, 520 U.S. 397, 405 (1997)).

Here, Plaintiff has not alleged a pattern of prior inadequate investigations involving similar circumstances. Plaintiff has alleged an inadequate investigation following Hulon's death. One inadequate after-the-fact investigation does not show a policy or custom and cannot establish causation. *Pineda*, 977 F.3d at 495; *see, e.g., Meirs v. Ottawa Cty.*, 821 F. App'x 445, 453 (6th Cir. 2020) ("By contrast, a single instance of a failure to investigate, as alleged here, is insufficient to 'infer a policy of deliberate indifference.'") (quoting *Thomas v. City of Chattanooga*, 398 F.3d 426, 433 (6th Cir. 2005)). Accordingly, the Court agrees with Defendants that Plaintiff has not alleged facts to support a § 1983 claim for municipal liability based on a theory of ratification.

III.

Plaintiff requests leave to file a second amended complaint. Plaintiff attached a proposed pleading to her response to the motion to dismiss. (ECF No. 28-1.) The proposed pleading adds allegations about prior jail deaths and the failure to adequately investigate those deaths. (*Id.* ¶ 202 PageID.344-345.) Plaintiff pleads that those prior instances demonstrate a custom or policy (*id.* ¶ 205 PageID.345) and establishes that the policymakers ratified the inadequate investigation into Hulon's death (*id.* ¶ 213 PageID.347). Plaintiff contends it discovered this information in a newspaper article published in mid-March 2021. (*See* ECF No. 28-2.)

Rule 15(a)(2) of the Federal Rules of Civil Procedure authorizes a party to amend the pleadings with the opposing party's permission or with leave of the court. A court should grant leave to amend "freely" when "justice so requires." *Id.* A court may deny leave to amend, however, when the proposed pleading would be futile, meaning that the claim could not withstand a Rule 12(b)(6) motion to dismiss. *Parchman v. SLM Corp.*, 896 F.3d 728, 737-38 (6th Cir. 2018).

The Court will grant Plaintiff's request and allow her to file a second amended complaint. The proposed pleadings allege facts which, when assumed to be true, plead a plausible municipal liability claim based on a ratification theory.

IV.

The Court **GRANTS** Defendants' motion to dismiss (ECF No. 20) and also **GRANTS** Plaintiff's request for leave to file a second amended complaint. The Clerk should docket the proposed pleading (ECF No. 28-1) as the second amended complaint.

Defendants are entitled to dismissal of the official capacity claims brought against the individual defendants. Those claims are redundant with the claims against the City of Lansing. Defendant demonstrated that the amended complaint failed to state a municipal liability claim based on a ratification theory. Plaintiff, however, requested leave to amend the complaint and the proposed pleading includes additional facts that would tend to establish a plausible claim.

**IT IS SO ORDERED.**

Date: May 13, 2021                                             /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               United States District Judge